LUDLOW S. FOWLER AND WALTER T. de HAVEN, EXECUTORS OF THE LAST WILL AND TESTAMENT OF DONALD G. MIXSELL, DECEASED, APPELLANTS, v. WALTER T. MARGETTS, Jr., STATE TREASURER, ACTING AS DIRECTOR, DIVISION OF TAXATION, DEPARTMENT OF THE TREASURY, STATE OF NEW JERSEY, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued April 24, 1950—Decided May 3, 1950.

Before Judges JACOBS, DONGES and BIGELOW.

*Mr. Ludlow S. Fowler,* of the New York Bar, argued the cause for the appellants (*Messrs. Smith, Stratton & Wise,* attorneys).

*Mr. William A. Moore* argued the cause for the respondent (*Mr. Theodore D. Parsons*, Attorney General of New Jersey, attorney).

The opinion of the court was delivered by

Jacobs, S. J. A. D.   This is an appeal from a transfer inheritance tax assessment made by the Division of Taxation.

The decedent Donald G. Mixsell was born in Easton, Pennsylvania, in 1891.   He was graduated from Columbia University School of Architecture in 1920 and thereafter was engaged as an architect in New York City.   He married and lived with his wife in New York City until they separated in 1940.   In 1941, while his only child David was at the Lawrenceville School, Lawrenceville, New Jersey, he rented a home and lived in Princeton, New Jersey.   In July, 1944. his son was killed in service and in October, 1944, he rented an apartment at 15 East 66th Street, New York City.   He relinquished his Princeton residence and moved to this apartment where he lived alone.   He retired as an architect but received income from investments which consisted mainly of securities deposited at a New York bank.   He was a member of the Racquet and Tennis Club and the University Club in New York City, the Tuxedo Club in Tuxedo, New York, and the Nassau Club in Princeton, New Jersey.

On July 2, 1947, the decedent purchased Windrush Farm located at the intersection of the road from Blawenburg to Princeton with the road from Mt. Rose to Rocky Hill in the Township of Montgomery, Somerset County, New Jersey. The purchase price was $80,000 and the property included over forty-eight acres of land, a residence of fifteen rooms, a superintendent's cottage, a two-car garage and other buildings and equipment incident to the maintenance of a "chicken farm."   Thereafter the decedent moved from his apartment at 15 East 66th Street, New York City, to the farm and when his lease on the apartment expired on October 1, 1947, it was not renewed.   Mr. Parsell, who had been manager of the farm for the previous owner and continued as such under the dece-

dent's ownership, testified that when the decedent was at the farm "the whole week, I would see him at least once a day because I had to take the mail down to the house when he was there" and when the decedent went to New York "It might be for the day and if he was tied up on something it might be overnight or something like that." On his New York trips the decedent generally slept at the University Club. Mr. Parsell further testified that the decedent entertained at the farm "quite frequently" and that during the football season "many of his friends attended the games and stayed for the week end, he had quite a lot of visitors at that time."

The decedent maintained a personal bank account, as well as a Windrush Farm bank account, at the Princeton Bank and Trust Company. Under date of July 31, 1947, he applied for and obtained a passenger vehicle registration and an auto driver's license from the State of New Jersey, setting forth his address as "Windrush Farm, Cedar Grove Rd., Princeton, N. J." In July, 1947, he executed his last will and testament which omitted mention of any residence. On November 20, 1947, he died in the Princeton Hospital and he was buried in Easton, Pennsylvania. The Division of Taxation made the factual finding that the decedent at the time of his death was domiciled in New Jersey and assessed his estate accordingly; it is the appellants' contention that this finding was erroneous and should be set aside. See *Rule* 3:81–13.

The parties acknowledge that the tax assessed was dependent upon New Jersey domicil which, in turn, rested upon the decedent's residence in fact at Windrush Farm, coupled with his intent to establish that as his home. *Texas v. Florida,* 306 *U. S.* 398, 424, 83 *L. Ed.* 817, 834 (1939). The evidence leaves little basis for doubting that at the time of the decedent's death his residence in fact or usual place of abode was at Windrush Farm; he had no other. In addition we are satisfied, from the attendance circumstances, that the decedent's residence in fact at Windrush Farm was coupled with an intent to make that his home. He had expended a large sum of money for the premises and was maintaining the fif-

teen-room residential house. Within the short period of his occupancy he entertained frequently and invited many of his friends for week-end visits. He obtained his driver's license and passenger vehicle registration as a New Jersey resident and he maintained a personal account at the Princeton Bank and Trust Company. His continued maintenance of his securities at the New York bank, his retention of membership in his New York clubs, along with his membership in the Nassau Club at Princeton, and his occupancy of a room at the University Club on overnight visits to New York were not inconsistent with the establishment of his home at Windrush Farm.

The appellants place reliance upon alleged assertions by the decedent to his attorneys that he did not want to establish a New Jersey domicil until he could determine whether Windrush Farm could be operated profitably. In the light of the objective manifestations indicating the contrary, these assertions would not appear to be entitled to any considerable weight; in any event if, as the Division of Taxation found and in which finding we concur, the decedent established his residence in fact at Windrush Farm with intent to make that his home, he became legally domiciled in New Jersey and he was not at liberty to declare that his domicil be deemed elsewhere for such advantages as he might obtain thereby. *Texas v. Florida, supra.*

The assessment of the Division of Taxation is affirmed.